# Waldman v. Weisenberg

*Harvey E. Robins,* for plaintiff.
*Harvey J. Eger,* for defendants.

FLAHERTY, *J.,* December 8, 1975—On June 17, 1969, a trust agreement was entered into wherein Leonard Weisenberg was named trustee and Hershey H. Waldman was named beneficiary. The trust res constitutes a three and one-half acre tract of land in the Borough of Monroeville, Allegheny County, Pa., which was owned by the Waldman Land Company, Inc., of which Hershey H. Waldman owned 95 percent of the capital stock, said land being conveyed to the trustee under the terms of the trust created. The trust declared an undivided one-half interest in the real estate in the

beneficiary, and the other undivided one-half interest in the trustee, Leonard Weisenberg. The terms of the trust instrument were extremely broad as they relate to the powers granted to the trustee. Relevant portions of the trust instrument are as follows:

". . . the Beneficiary specifically acknowledges, affirms and agrees that the Trustees shall have all of the following powers without limitation either implied or otherwise.

"A. To sell, improve, encumber, divide or otherwise deal in said real estate with respect to the undivided one-half interest *as if the Trustee herein were the owner in fee simple absolute to said interest.* (Emphasis supplied.)

"B. The Trustee herein shall be under no legal or other obligation or responsibility to discuss with the Beneficiary or anyone claiming his interest, or acting for and on behalf of his wife in connection with any action taken or contemplated by the Trustee with respect to the real estate.

"4. The Beneficiary expressly agrees, affirms and authorizes the Trustee to hold the undivided one-half interest which is the subject matter of this Agreement, in the manner and in accordance with the provisions herein set forth, with no liability of any nature whatsoever resulting therefrom to the Trustee by reason of his exercising the rights herein given and granted.

". . .

"9. It is specifically agreed between the parties hereto that any instrument executed by the Trustee which shall affect the real estate, be it for the conveyance thereof, leasing, encumbering, or otherwise dealing therein shall be of full force and effect and shall not require the consent of the

Beneficiary in any manner whatsoever, or of his wife, his heirs or legal representatives. It is understood and agreed, however, that in the event of the sale of all or part of the real estate that said sale shall be commercially reasonable, and in connection with the reasonableness thereof, the fair market value of the interest conveyed shall be a factor."

Thus, it can be seen that by virtue of the trust instrument, the trustee was vested with unusually broad powers in dealing with the trust res.

Defendant trustee is the owner of two-thirds of the capital stock of defendant-corporation, William Steven Corporation, and serves as its president. On August 15, 1974, Leonard Weisenberg, defendant trustee, conveyed the three and one-half acre tract of land which constituted the trust res to defendant-corporation, William Steven Corporation, for a consideration of $320,000, which defendant-trustee alleges to be a fair market price for the realty. Directly after the conveyance, certain other transactions occurred, but they are not material for the consideration here involved.

The foregoing facts are admitted, and the court has before it a motion for summary judgment. Plaintiff strongly urges that, notwithstanding the strong powers granted to the trustee, as a matter of law these powers cannot be construed to have vested the trustee with the power of self dealing with the trust res.

One of the most revered jurists of all time, Justice Cardozo, in Meinhard v. Salmon, 249 N.Y. 458, 164 N.E. 545 (1928), said:

"A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then

the standard of behavior . . . Only thus has the level of conduct for fiduciaries been kept at a level higher than that trodden by the crowd."

It is well established, as it should be, that a trustee cannot engage in self-dealing unless there be a specific directive permitting the trustee to deal unilaterally with himself. This principle of law is so fundamental as to be inherently embodied in the law. A general statement of this principle is found in 90 C.J.S. 247, 270, §248, where it is stated:

"An instrument will not be construed to authorize a trustee to occupy a position of divided loyalty or to deal on his own behalf with the trust property unless the instrument clearly expresses the purpose to give such power; *and such a grant of authority will not be inferred from general or equivocal language. So, a provision that the trustee shall have the widest possible investment powers . . . does not authorize the trustee to use trust assets for his own benefit. . . ."* (Emphasis supplied.)

39 P.L.E. 113, §187, states as follows:

"A competent beneficiary who, with full knowledge of the facts, expressly or by acquiescence consents to or affirms conduct of a trustee in relation to trust property cannot thereafter question the propriety of such conduct. Thus, even though an act of a trustee constitutes a breach of trust because of the trustee's divided interest or self-dealing, it may be so acquiesced in, or ratified by, the beneficiary as to estop him from repudiating it, provided the beneficiary is given a perfectly honest and complete disclosure of all the facts known to the trustee and no undue or inequitable advantage has been obtained. . . ."

Examining the issue before this court, it can be

concluded as a matter of law that there was no acquiescence by the beneficiary, and, certainly, the self-dealing was not consented to or ratified by the beneficiary. The issue is quite simply whether the trust instrument expressly provided the trustee with the power to self-deal with the trust res.

In Burke Appeal, 378 Pa. 616, 47 A. 2d 1367 (1954), the Supreme Court of Pennsylvania stated:

". . . Under this rule [self-dealing] it is completely immaterial that the trustee acted in good faith or paid a fair consideration for the property because it is a rule of public policy. . . This principle, however, has no application to the facts of this case. There can be no doubt that by the terms of the trust a trustee may be permitted to do what in the absence of such a provision in the trust instrument would be a violation of his duty of loyalty . . . When the trustees made these particular conveyances and credited their value against the indebtedness due them, they were acting in accordance with the intention of the appellant and directly executing the trust . . . The result is in no way altered because the particular medium of payment differed from that mentioned where the price credited fully reflects the true value of the land conveyed, for both the proceeds and the land itself comprise the trust res. . . ."

In Banes Estate, 452 Pa. 388, 305 A. 2d 723 (1973), the Supreme Court of Pennsylvania stated:

". . .'Where there is self-dealing on the part of a fiduciary, it is immaterial to the question of his liability in the premises whether he acted without fradulent intent or whether the price received for his sale of trust property was fair and adequate . . . "It matters not that there was no fraud meditated and no injury done; the rule [for-

bidding self-dealing] is not intended to be remedial of actual wrong, but preventive of the possibility of it" ' . . . ." (Emphasis supplied.)

Section 170 of the Restatement Trusts, comment a, provides:

"a. Fiduciary relation. A trustee is in a fiduciary relation to the beneficiary and as to matters within the scope of the relation he is under a duty not to profit at the expense of the beneficiary and not to enter into competition with him without his consent, unless authorized to do so by the terms of the trust or by a proper court . . . ." (Emphasis supplied.)

In Noonan Estate, 361 Pa. 26, 63 A. 2d 80(1949), the Pennsylvania Supreme Court stated:

" '. . . the rule [forbidding self-dealing] is inflexible, without regard to the consideration paid, or the honesty of intent. Public policy required this, not only as a shield to the parties represented, but as a guard against temptation on part of the representatives' . . . 'the prohibition against self-dealing is absolute; where the trusteee violates it, good faith or payment of a fair consideration is not material'. . . ." (Emphasis supplied.)

Learned counsel for defendants argues that this is a case of first impression in the Commonwealth of Pennsylvania in that none of the Pennsylvania authorities relate to the question of whether the authorization to self-deal may be given in general terms or must be set forth in specific language. An exhaustive review of the authorities, both ancient and modern, discloses that self-dealing by a fiduciary is abhorrent and prohibitive, and is only permitted where that power is granted to the trustee in the clearest of terms. This power is not for inference, but rather must be clearly, unequivoc-

ally and specifically set forth. We are not here concerned with bad faith or fraud: we are concerned with a principle. The principle which requires a specific direction permitting a trustee to self-deal is not "remedial" — it is "preventative." *Even the possibility of abuse of fiduciary duty is to be thwarted.* The prohibition against a fiduciary self-dealing with property entrusted to his fiduciary care is deeply rooted in the public policy of our Commonwealth. If there is any doubt, let this court hold and announce that, notwithstanding the broadest of powers granted to a trustee, the power to self-deal must be specifically and expressly provided. Absent an express and specific direction to self-deal, *such a power will not be inferred.*

The record before this court in the case at bar demonstrates an admitted self-dealing by defendant-trustee, Leonard Weisenberg, where the only authority for this act must be *inferred* from broad language. The conveyance of the trust res to the William Steven Corporation, a corporation of which defendant-trustee owned two thirds of the capital stock was in violation of the terms of the trust, and, in so doing, defendant-trustee breached his fiduciary duty. The conveyance is of no force and effect.·

## DECREE

And now, December 8, 1975, upon consideration of the motion for summary judgment filed on behalf of plaintiff, the record, arguments and exhaustive briefs submitted, it is decreed that the motion for summary judgment on behalf of plaintiff is granted, that defendant-trustee and

defendant-corporation reconvey the trust property to the trust, and that the trustee, Leonard Weisenberg, holds the same in accordance with the terms of the trust agreement dated June 17, 1969.